### J. J. HARRELL v. V. T. MERRIDITH.

In defense to a suit on a money demand, the defendant pleaded offsets in reconvention, and on the trial of the case offered evidence to sustain his plea. The court below excluded the evidence, because some of the witnesses spoke in their testimony about an arbitration having been had by the parties. *Held* to be error. The evidence did not establish an arbitration binding in law upon either party ; and therefore the defendant was not estopped from proving his offsets.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

This suit was instituted in the District Court of Johnson county, on a draft drawn by the defendant on Alford & Veal, of Galveston, Texas, for the sum of six hundred dollars and thirty-three cents, payable to the plaintiff.

The payees refused to accept the draft, and the plaintiff had it regularly protested by W. R. Johnson, Esq., a notary public of Galveston county, and gave the drawer due notice of the non-acceptance and protest. Plaintiff joined in the same suit a demand on the defendant for forty-six dollars and eighty-four cents, being the balance due on his acceptance of a draft drawn

on him by Tabor & Luce, in favor of the plaintiff, for seventy-three dollars and sixty cents.

To these demands the defendant put in a general denial; and also pleaded failure of the consideration of the draft drawn by him in favor of the plaintiff on Alford & Veal for six hundred dollars, and tender as to the forty-six dollars balance due on his acceptance of the draft of Tabor & Luce.

Defendant also put in a plea in reconvention for six hundred and sixty-seven dollars and fifty cents, due him for board furnished and labor done by him for the plaintiff.

When the case came on for trial the defendant offered evidence to sustain his plea in reconvention. The court below excluded the evidence because some of the plaintiff's witnesses had testified that the respective claims of the parties had been submitted to arbitration.

The pleadings of the parties made no mention of the arbitration.

Judgment was rendered in favor of the plaintiff for six hundred and fifty-seven dollars and twenty-four cents.

Defendant moved for a new trial, and his motion being overruled, he excepted and gave notice of appeal.

*J. J. Harrell*, appellant, in proper person. In this case we submit that the ruling of the court in excluding the evidence offered by the defendant in support of his plea in reconvention is erroneous. This is an ordinary action of debt, based upon two drafts, or bills of exchange, one drawn and the other accepted by defendant. The petition is in the ordinary form, and simply avers the indebtedness of defendant because of the execution, etc., of said instruments.

Defendant, among other defenses, pleaded in reconvention a regularly itemized account, alleging that plaintiff is indebted to him in the amount of said account, and praying judgment for the same. (Paschal's Digest, Article 3444.)

On the trial of the cause below plaintiff introduced the two drafts upon which the suit was brought, and submitted his case.

These instruments proved themselves and established a demand against defendant for the amount of money claimed in the petition, subject, of course, to any valid defense he could make, and certainly defendant had the right to make all the discounts he could against plaintiff's demand (Paschal's Digest, Articles 3443 and 3446), and defendant ought to have been allowed to prove his account, and judgment should have been rendered in favor of the party who established the largest claim, for the excess of his claim. Ib.

The reason assigned by the court for excluding the evidence is, that the parties have heretofore submitted the matters in dispute to arbitrators, who had made an award which is binding upon both plaintiff and defendant.

We respectfully submit that this is an assumption of fact not warranted by the pleadings or the evidence. Neither plaintiff's petition or defendant's original or amended answer contain one word about arbitration, and we think the incidental statements of witnesses relative to an attempted settlement between the parties by what they supposed to be a submission to arbitrators, cut no figure in this case and should have been disregarded by the court. It has been repeatedly decided by this court that facts not alleged, though proven, cannot form the basis of a judgment. (Chrisman v. Miller, 15 Texas, 160, and see also for a full discussion of the doctrine, Hall et als. v. Jackson, 3 Texas, 309, to 312.) But whether evidence tending to show that the matter at issue had been submitted to arbitration was, under the pleadings, properly received and considered or not, we submit that there was not sufficient evidence before the court to establish any legal or valid submission or award. Our statute (Paschal's Digest, Article 60) provides that all persons consenting to submit any matter in dispute to arbitrators may, by an agreement in writing by them signed, etc., and filing the same with the justice, or, if the amount in controversy is over one hundred dollars, with the clerk of the District Court, entitle themselves to the benefit, etc. It will not be pretended that there is any evidence before the court showing that any agree-

ment in writing, signed by the parties as plaintiff and defendant, was ever filed with the clerk, as required by this statute.

Article 62, Paschal's Digest, requires the clerk forthwith upon the filing of such an agreement, to assign a day for the trial. Nothing of the kind was done—but again, Article 64 requires the justice or clerk (as the case may be), on the day of trial, to administer an oath to the arbitrators, in form as prescribed, and he shall also administer the necessary oaths to the witnesses, and, if desired, to the parties.

There is not a particle of evidence to show that any such proceedings were had, or that any award was ever filed by the clerk, as required by Article 66. We know of no other mode by which the proceedings of arbitrators can be rendered legal and binding under our law than that prescribed by statute, and there is no question better settled by judicial decisions than when a submission to arbitration is made pursuant to a statute, an exact compliance with the provisions of the statute is necessary to give effect to the submission and confer jurisdiction. An appearance before referees is not a waiver of irregularities affecting the jurisdiction. (Greenleaf on Evidence, Vol. II., p. 60, Note 1). But the evidence before the court is totally insufficient to establish an award at common law. The witness McFarland states that he and Quinn and Ware were called upon by plaintiff and defendant, sometime in the year 1870, to settle a matter then in dispute between them; they took the matter in hand and heard the evidence presented; that it was very much mixed up, and they had to guess at a great deal of it, but they concluded that defendant was indebted to plaintiff about the amount of the large draft. Scurlock testified that he was present on the day of the arbitration, which is about all the evidence on this point. This is certainly insufficient.

In proving an award at common law, it must first appear that the arbitrators had authority to make it, and if the agreement of submission was in writing, it must be produced, and its execution by all the parties to the submission be proved. (Greenleaf on Evidence, Vol. II., Section 71.)

The next point in the order of evidence is the execution of the award, which must be proved, as in other cases, by the subscribing witness, if there be one, if not, by proof of the handwriting of the arbitrators. (Id. Vol. II., Section. 74.) From this we infer that the award must be in *writing*, which is not shown by the evidence in this case. But we think it is evident from the pleadings and the evidence that the attempted settlement by arbitration was by both parties abandoned, long before the institution of this suit, and perhaps at the time, or very soon after, it was attempted.

Scurlock testifies that the draft executed by defendant to plaintiff on the day of the arbitration was given back to defendant, and the one sued on was not the same, though for about the same amount.

If plaintiff had intended to rely on an award of arbitrators, would he not have plead it? if not in his original petition, we think he certainly would in bar to defendant's plea in reconvention.

No brief for the appellee has reached the hands of the reporter.

WALKER, J.   This was an action brought in the District Court, on two bills of exchange, the one drawn and the other accepted by the defendant Harrell.   The defendant set up by way of reconvention an account, regularly itemized, and the pleading was sufficient, under Article 3444, to have entitled the defendant to offer evidence in support of his plea.

There appears to have been some evidence admitted by the court to go before the jury, which tended to prove that the parties had, previous to the commencement of the suit, submitted their matters in controversy to arbitration, but this evidence did not establish an arbitration binding in law upon either of the parties, and the defendant was not estopped nor precluded from offering evidence in support of his offsets.   In this view of the law the court erred in the refusal to admit the defendant's

evidence, and in refusing the charge as asked by the defendant. There was error in overruling the motion for a new trial. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.